IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,156-01






EX PARTE MICHAEL REA RUSH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W99-36979-I(A) IN CRIMINAL DISTRICT COURT NO. 2


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to twenty years' imprisonment. The Fifth Court of Appeals affirmed
his conviction. Rush v. State, No. 05-01-01653-CR (Tex. App.-Dallas, delivered October 30, 2003,
pet. ref'd).

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he (1) advised Applicant that he would not have to register as a sex offender after he
completed probation; (2) did not investigate facts that would have challenged the complainant's
credibility; and (3) advised Applicant that if he pleaded not guilty, he would be sentenced to twenty-five years to life. 

 The trial court has entered findings of fact, concluding that Applicant's claims are without
merit and recommending that relief be denied. We believe, however, that the trial court's findings
are not sufficient to resolve Applicant's claims. Applicant has alleged facts that, if true, might entitle
him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact. The trial court shall provide Applicant's trial counsel with a second
opportunity to respond to Applicant's claims of ineffective assistance of counsel. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of trial counsel was
deficient and, if so, whether counsel's deficient performance prejudiced Applicant. Specifically, the
trial court shall make findings of fact as to whether counsel (1) told Applicant that he would not have
to register as a sex offender after completing probation; (2) investigated statements from Joshua
Rush, the complainant's mother, and the complainant's neighbors challenging the credibility of the
complainant; and (3) advised Applicant that if he pleaded not guilty, he would be sentenced to
twenty-five years to life. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: November 15, 2006

Do not publish